UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. BEATRIZ VASQUEZ, Defendant. | Case No.: 3:19-CR-1117-DMS <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582** |
|---|---|

Pending before the Court is Defendant Beatriz Vasquez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On May 5, 2019, Defendant pled guilty to importation of 500 grams and more of methamphetamine (mixture) in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 11, 17.) On February 19, 2020, she was sentenced to 36 months in prison to be followed by 3 years of supervised release. (ECF No. 38.)

On September 19, 2020, Defendant sent a request for compassionate release to Federal Bureau of Prisons ("BOP") staff. (ECF No. 44-1.) On January 26, 2021, Defendant filed a *pro se* letter-petition in this Court requesting compassionate release.

(ECF No. 40.)  On February 2, 2021, the Court appointed Jami Ferrara as counsel to Defendant. (ECF Nos. 41, 42.)  The government filed a response in opposition to the letter-petition on February 15, 2021.  (ECF No. 44.)  On March 15, 2021, Defendant filed a supplement to the letter-petition.  (ECF No. 48.)  Finally, the government filed a response in opposition to Defendant's supplemental briefing on March 29, 2021.  (ECF No. 52.)  The matter is fully briefed and submitted.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting the BOP process.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and that the reduction complies with 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).  As the movant, Defendant bears the burden of establishing that she is eligible for a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

However, a defendant can only seek compassionate relief from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Defendant requested compassionate release from BOP on August 19, 2020.  (ECF No. 40, at 1.)  In that request, Defendant requested release to care for her

mother, who was in remission from breast cancer. (ECF No. 44-1, at 2.)  Defendant then filed her January 26, 2021 letter-petition with the Court, in which she expanded the basis of her request for release to include a need to care for her son, who suffers from asthma. (ECF No. 40, at 1.)   In its first response brief, the United States did not dispute that Defendant has exhausted her administrative remedies.  (*See* ECF No. 44, at 3 n.3.)

In the March 15, 2021 supplement to her letter-petition, however, Defendant acknowledged that her mother's condition is such that she is not currently receiving treatment and does not need assistance to attend medical appointments.  (ECF No. 48, at 2–3.)  In addition, Defendant admitted that her son's asthma "is controlled at this time by medication and he is in otherwise good health." (*Id.* at 3.)  Accordingly, Defendant no longer argues that her mother and son's conditions constitute "extraordinary and compelling reasons" warranting a sentencing reduction.  Instead, she raises an entirely new factual basis for her claim for release: Defendant's daughter was recently hospitalized and diagnosed with mononucleosis and Epstein-Barr hepatitis.  (*Id.*; *see also* ECF No. 51.)  In her supplemental briefing, Defendant requests early release so that she can "devote herself to the care of her daughter, take her to medical appointments and monitor her medications and recovery, in a full-time capacity."  (ECF No. 48, at 4.)

The government now argues that Defendant has failed to exhaust her administrative rights because she did not raise her daughter's mononucleosis or Epstein-Barr hepatitis in her prior request for release to BOP.  (ECF No. 52, at 2–5.)  Indeed, "[p]roper exhaustion requires the inmate present the same factual basis for the compassionate-release request to the warden as he presents to the court."  *United States v. Valdes*, 2020 WL 2542630, at *2 (S.D. Cal. May 18, 2020).  Here, Defendant's administrative request was based upon her mother's health condition, her letter-petition was based upon her mother's condition and son's asthma, and the supplement to the letter-petition is based upon her daughter's mononucleosis and Epstein-Barr hepatitis.  Further, the administrative request was based on a need to reduce the stress on Defendant's mother caused by caring for Defendant's children, but the supplement to the letter-petition bases the request for compassionate

release on Defendant's ex-husband's alleged inability to care for Defendant's children. (*Compare* ECF No. 44-1, *with* ECF No. 48.)  Each request for relief has a different factual basis.

The Court therefore concludes that Defendant has failed to exhaust her administrative rights as required by 18 U.S.C. § 3582(c)(1)(A).  Although the Court is sympathetic to the concerns of Defendant, exhaustion is mandatory under the statute. *United States v. Raia*, 954 F.3d 594, 596 (3rd Cir. 2020) (Holding that failure to meet the exhaustion requirement under § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release"); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2010) ("The statute's language is mandatory").

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated:  April 8, 2021

_____
Hon. Dana M. Sabraw
United States Chief District Judge